

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **VS.** | § § § | **CASE NO. 1:18-CR-21** |
| **KELLY ALLYN BECKWORTH** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Kelly Allyn Beckworth., violated conditions of supervised release imposed by United States District Judge Nelva Gonzales Ramos of the Southern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #14) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on April 25, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

1

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.  That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On June 21, 2016, The Honorable Nelva Gonzales Ramos of the Southern District of Texas sentenced the defendant after he pled guilty to the offense of Transportation of an Undocumented Alien, a Class D felony.  Judge Ramos sentenced Kelly Allyn Beckworth to 12 months and 1 day subject to the standard conditions of release, plus special conditions to include drug aftercare.  On August 10, 2016, Kelly Allyn Beckworth completed his period of imprisonment and began service of the supervision term.  On March 23, 2018, jurisdiction over Mr. Beckworth's case was transferred from the Southern District of Texas to the Eastern District of Texas.  The proceeding was assigned to Senior United States District Judge Thad Heartfield.

On June 12, 2018, Judge Heartfield revoked the defendant's original term of supervised

release.  For the revocation, Kelly Allyn Beckworth was sentenced to 6 months imprisonment followed by a one (1) year term of supervised release, subject to the updated mandatory and standard conditions of supervised release, plus the same special conditions.  On September 14, 2018, Kelly Allyn Beckworth completed his period of imprisonment imposed for the revocation and began service of the instant supervision term.

On October 16, 2018, the Court granted a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender.  Pursuant to the request, the Court added a special condition requiring the defendant to reside in a residential reentry center, in a community corrections component, for a period of 180 days.  The Court granted another Request for Modifying the Conditions or Term of Supervision with Consent of the Offender on February 1, 2019, adding another special condition prohibiting Defendant from possessing or consuming alcoholic beverages, or any other intoxicant, unless prescribed by a physician.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following special condition of release:

*You must not possess or consume alcoholic beverages, or any other intoxicant, unless prescribed by a physician.*

Specifically, on April 1, 2019, Mr. Beckworth was found to be intoxicated while at the CINC II Halfway House.  CINC II staff smelled the odor of alcohol on Mr. Beckworth's breath during a conversation.  When asked to submit a breath test and blood alcohol test, Mr. Beckworth refused on two separate occasions. .

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the matter proceeded to a final contested hearing, the Government would present testimony establishing that on April 1, 2019, Mr. Beckworth was encountered by staff at the CINC II halfway house and found to be intoxicated. The statement provided by the CINC II staff member indicates that the odor of alcohol was present on Beckworth's breath at that time.

Defendant, Kelly Allyn Beckworth., offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he consumed alcohol in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by consuming alcohol. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of II and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 4 to 10 months. *See* U.S.S.G. § 7B1.4(a). The maximum term of imprisonment in this case is two (2) years because the original offense of conviction was a Class D felony. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the

revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Kelly Allyn Beckworth, committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Kelly Allyn Beckworth, to serve a term of **three (3) months imprisonment**, with no further term of supervision to follow.

The undersigned acknowledges that this recommended sentence constitutes a downward departure given that the suggested Guideline range is 4 to 10 months. The Government agreed

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

to this lesser sentence and the defendant's stated justification. In support, the Defendant noted the violation of his conditions supervisions was not intentional and he accepts responsibility for his actions. The defendant also explained that he has children who rely on him for child support and he intends to improve himself and his ability to make a living to support his children through further education. Counsel explained that the lesser term of three (3) months will allow Mr. Beckworth to take trade classes in order to become a Class C electrician and obtain employment. The Court also notes that Mr. Beckworth already served time for a prior revocation and the downward departure is a mere one (1) month below the recommended Guideline Range. The defendant's circumstances and the evidence presented as a whole leads the Court to approve the proposed sentence for the revocation despite the fact that it falls below the suggested Guideline range.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357,

359 (5th Cir. 1981) (per curiam).

**SIGNED this the 29th day of April, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE